UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EDWARD PETER WHELAN,

                      Petitioner,

                      **MEMORANDUM & ORDER**

      -against-

                      05 CV 923

UNITED STATES OF AMERICA,

                      Respondent.
----------------------------------------------------------X

DEARIE, Chief Judge.

      Petitioner, pro se, challenges his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth in the government's Opposition to Petitioner's Petition for a Writ of Habeas Corpus and below, petitioner's application for relief is denied, and the petition is dismissed.

**Background**

      On October 19, 2001, petitioner was convicted in state court of criminal sale of a controlled substance in the fifth degree, in violation of New York Penal Law ("N.Y.P.L.") § 220.31. He was sentenced to a term of one to three years in prison. Petitioner was paroled into the custody of the Immigration and Naturalization Service ("INS") on September 26, 2002 and deported on February 6, 2003. On October 29, 2003, petitioner flew into John F. Kennedy International Airport in New York from Kingston, Jamaica, carrying an altered passport. He was arrested for illegal reentry, in violation of 8 U.S.C. § 1326(a) and 1326(b)(2), and passport fraud, in violation of 18 U.S.C. § 1543.

      On January 22, 2004, petitioner pled guilty before Magistrate Judge Robert M. Levy to illegal reentry pursuant to a plea agreement in which he waived his right to appeal or otherwise

challenge his conviction or sentence provided the sentence imposed was 63 months or less. The estimated United States Sentencing Guidelines calculation in the plea agreement included a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) (prior deportation following conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months). In addition, petitioner stipulated in his plea agreement that "he was removed from the United States subsequent to a conviction for the commission of an aggravated felony . . . ." On April 19, 2004, he was sentenced to a prison term of 41 months and a three-year term of supervised release. Petitioner did not appeal. On February 17, 2005, he filed this petition seeking relief pursuant to 28 U.S.C. § 2255.

## Discussion

Petitioner raises numerous claims, but all essentially relate to three issues: (1) the validity of petitioner's indictment and plea agreement; (2) the validity of his sentence; and (3) whether his attorney rendered ineffective assistance. Petitioner's claims are barred by the waiver in his plea agreement, and in any case, are meritless.

## I. Waiver

Petitioner's challenges to his indictment and sentence are foreclosed by his knowing and voluntary waiver of the right to appeal or otherwise challenge a sentence falling within or below the range specified in the plea agreement. The waiver is enforceable provided the record clearly demonstrates it was knowing and voluntary. United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004). To permit "escape [from] the fairly bargained-for consequences of [an] agreement with the government would render the plea bargaining process and the resulting agreement meaningless." Id. at 117 (internal quotation and citation omitted). The right to collaterally attack,

2

like the right to appeal, may be waived as part of a plea agreement. See Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam) (waiver of right to petition under § 2255 effective as to grounds that arise after as well as before waiver); see also Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002) (citing Garcia-Santos); United States v. Yemitan, 70 F.3d 746, 747-48 (2d Cir. 1995) (waiver of direct appeal rights). As noted by the Second Circuit:

> Such an agreement serves important interests of both parties. Like a waiver of direct appeal rights, it serves the government's interest in avoiding both the expense and uncertainty of further litigation. The defendant characteristically receives important benefits as well.

Garcia-Santos, 273 F.3d at 509 (internal citation omitted).

The record makes clear that petitioner's waiver of his right to appeal or collaterally attack his sentence was knowing and voluntary. See Garcia-Santos, 273 F.3d at 508 (listing facts supporting finding that waiver was knowing and voluntary). The magistrate judge specifically asked petitioner whether he understood that he was agreeing to waive his right to appeal or challenge his sentence in any way, provided it was 63 months or less. Petitioner answered "Yes, sir." (Resp't Ex. C at 17.) He also confirmed that he was pleading guilty voluntarily. (Id. at 18.) Petitioner neither sought to withdraw his plea prior to sentencing nor appealed.

Nevertheless, petitioner seeks to circumvent his waiver by raising claims of ineffective assistance of counsel. Waivers do not preclude challenges to the process by which the rights were waived. See Frederick, 308 F.3d at 195-96 (waiver does not foreclose attack on validity of plea process); United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam) (waiver not enforceable against claim that agreement was entered into without effective

3

assistance of counsel). However, as discussed below, petitioner's claims of ineffective assistance of counsel are without merit. Because petitioner has not shown that his plea agreement resulted from ineffective assistance of counsel, his waiver is enforceable. See Monzon, 359 F.3d at 119 (holding that "if the record on appeal shows that [the claim of ineffective assistance of counsel] lacks merit, the appeal should be dismissed because the waiver should be enforced.").

Furthermore, to the extent petitioner's claims address the effectiveness of counsel at sentencing, they are foreclosed by his waiver regardless of their merits. Given a valid plea agreement and waiver, the Second Circuit has rejected efforts to challenge the correctness of a sentence under the Sentencing Guidelines as "barred by the plain language of the waiver contained in [the] plea agreement," noting that if "a claim of ineffective assistance of counsel at sentencing [were allowed] . . . the waiver . . . provision would be rendered meaningless." United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) (per curiam); see also Hernandez, 242 F.3d at 114 (if process by which plea agreement was consummated is constitutional, issues within scope of waiver including sentencing issues cannot be considered).

## II. Ineffective Assistance of Counsel

Petitioner's claims of ineffective assistance of counsel are unavailing. To demonstrate constitutionally ineffective assistance, petitioner must show that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). As discussed below, petitioner's challenges to the validity of his indictment, plea, and sentence are meritless. Because an attorney cannot be faulted for failing to make meritless arguments, petitioner's counsel was not constitutionally ineffective. See, e.g., United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir.

4

1995) (counsel not ineffective for failing to make meritless arguments).

Petitioner argues that his indictment under 8 U.S.C. §§ 1326(a) and 1326(b)(2) erroneously characterized his prior conviction as an "aggravated felony," and that his counsel was deficient for failing to challenge the indictment on this ground. However, 8 U.S.C. § 1101(a)(43)(B) defines an "aggravated felony" as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 18 U.S.C. § 924(c)(2), in turn, defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act . . . ." In 2001, petitioner was convicted of criminal sale of a controlled substance in the fifth degree, pursuant to N.Y.P.L. § 220.31, for selling crack cocaine to an undercover police officer—conduct that would have been a felony under Section 401 of the Controlled Substances Act. See 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(C) (distribution of Schedule II substance punishable by up to twenty years' imprisonment); see also Lopez v. Gonzales, 127 S.Ct. 625, 631 n.7 (2006) (noting that "for purposes of § 924(c)(2) the crimes the CSA defines as 'felonies' are those crimes to which it assigns a punishment exceeding one year's imprisonment."). Consequently, petitioner's prior conviction constituted an "aggravated felony" within the meaning of 8 U.S.C. §§ 1326(a) and (b)(2). See United States v. Paredes-Batista, 140 F.3d 367, 370 (2d Cir. 1998) (treating defendant's prior state conviction for sale of cocaine as an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43)).

Petitioner also argues that his attorney should have collaterally challenged the validity of his deportation, again on the theory that his prior conviction did not constitute an "aggravated felony." This claim fails for the same reason that petitioner's challenge to his indictment

5

fails—petitioner's prior conviction constitutes an "aggravated felony" under 8 U.S.C. § 1101(a)(43). In addition, 8 U.S.C. § 1326(d) provides that, in a criminal proceeding under § 1326, a collateral attack on the validity of the underlying deportation order cannot succeed unless the defendant demonstrates that (1) he "exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." Petitioner has made no showing that these requirements could have been satisfied.

Next, petitioner argues that his attorney should have objected to the sixteen-level enhancement applied under U.S.S.G. § 2L1.2(b)(1)(A)(i) on the ground that it was incorrectly applied.[1] That provision provides for an enhancement if the defendant was deported after a conviction for "a drug trafficking offense for which the sentence imposed exceeded 13 months." Petitioner contends that the enhancement was improper. His argument rests on Application Note 1(A)(iv) of U.S.S.G. § 2L1.2(b)(1), which provides that "[i]f all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed, 'sentence imposed' refers only to the portion that was not probated, suspended, deferred, or stayed." Petitioner argues that, because he was paroled before he had served thirteen months of his three-year sentence, the enhancement should not have applied. Petitioner's argument fails because he has not adduced any evidence that his sentence was "probated, suspended, deferred, or stayed." United States v. Valdovinos-

---

[1] In fact, petitioner's attorney requested a downward departure from the sixteen-level enhancement on the grounds that petitioner's criminal history category overstated his criminal past and that his prior conviction was outside the "heartland" of triggering drug felonies. However, he did concede that the Sentencing Guidelines calculation in the Presentence Report was correct.

Soloache, 309 F.3d 91, 94-95 (2d Cir. 2002) (per curiam). In Valdovinos-Soloache, the defendant challenged the application of U.S.S.G. § 2L1.2(b)(1) under similar circumstances. Id. at 93-94. His Presentence Investigation Report showed that he had been paroled and deported after serving five months of a ten-year sentence for a felony drug offense. Id. at 93. The Court found that, "[b]ecause the defendant was seeking an exception to a guideline enhancement that the government had proven was *prima facie* applicable, he bore at least the burden of production, if not the burden of persuasion, to show that his prior ten-year sentence, established by official court documents to have been imposed, was subject to one of the exceptions that would qualify him for a lesser enhancement." Id. at 94-95. Implicit in this finding is the conclusion that parole does not affect the "sentence imposed" under Application Note 1(A)(iv). Accord United States v. Benitez-Perez, 367 F.3d 1200, 1204-05 (9th Cir. 2004) (citing Valdovinos-Soloache and other circuit decisions for proposition that parole is not a "sentence altering event."). Thus, it was not unreasonable for petitioner's attorney to decline to challenge the sixteen-level enhancement on this ground, and his representation cannot be found deficient on such ground.

Finally, petitioner challenges the Court's application of the sixteen-level enhancement under United States v. Booker, 543 U.S. 220 (2005). This claim is also meritless. Because petitioner's conviction became final before Booker, Booker is inapplicable. Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005) (holding that Booker does not apply retroactively to cases on collateral review).

## Conclusion

The application is denied, and the petition is dismissed. A certificate of appealability will

7

not issue. The Clerk of Court is directed to close the case.

SO ORDERED

Dated: Brooklyn, New York
August 2, 2007

                                          s/ Judge Raymond J. Dearie

                                          RAYMOND J. DEARIE
                                          United States District Judge